UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>MARYANNE G. GILLIARD, et al.,<br><br>Defendants. | No. 2:19-cv-0261-EFB P<br><br>ORDER GRANTING IFP, DENYING PERMISSIVE JOINDER AND SCREENING COMPLAINT |

Pending before the court for screening is plaintiff Alvon Surrell, Sr.'s civil rights complaint, purportedly brought along with co-plaintiffs Devon Banks, D'Ante Miller, Danqwail Jones, Kantrell Carlisch, Joshua W. Ransom, Kimani Randolph, David Eggman, and Frisco Asi, all of whom are or were incarcerated at the Sacramento County Jail when this action was commenced. Plaintiff Surrell, Sr. has also filed an application to proceed in forma pauperis.

<u>Action Construed as Individual Suit Brought by Sole Plaintiff, Alvon Surrell, Sr.</u>

Plaintiff Surrell, Sr. lists eight other inmates as a co-plaintiffs in his complaint. ECF No. 1 at 2. Those individuals, however, may not be joined in this action, and instead, must proceed with their own separate lawsuits. Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its

1

discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

However, actions brought by multiple prisoners in pro se present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately.

To proceed with a civil action, each plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *E.g., Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee

2

in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

To avoid the problems related to case-management and filing fees, permissive joinder of Devon Banks, D'Ante Miller, Danqwail Jones, Kantrell Carlisch, Joshua W. Ransom, Kimani Randolph, David Eggman, and Frisco Asi, as co-plaintiffs in this action is denied. They may each, however, proceed with their own claims in new actions. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).

## Request to Proceed In Forma Pauperis

Plaintiff Alvon Surrell, Sr. has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

/////

While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges he is being denied his constitutional rights in connection with an ongoing criminal prosecution of him in Sacramento County. ECF No. 1 at 27 (referencing case number 16EF011674).[1] This action fails for this reason alone. Claims challenging aspects of the proceedings and rulings in this ongoing state criminal case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings are

---

[1] According to the Public Case Access System for the Sacramento Superior Court, plaintiff's case is set for trial on March 11, 2019.

4

ongoing, important state interests are implicated in the criminal prosecution, and there is no indication that plaintiff could not raise his claims in that criminal case. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Further, plaintiff's claims would fail independent of *Younger* abstention, as most of the sixty-six named defendants in the complaint are state court judges. As a general rule, judicial immunity bars claims against a state court judge for actions related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (judges are also absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts).

Plaintiff also names numerous district attorneys as defendants. These state prosecutors are also entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and presenting cases).

In addition, plaintiff names several public defenders as defendants. But plaintiff cannot state a viable section 1983 claim against his public defender. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, any potential claim for legal malpractice does not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

<u>Leave to Amend</u>

The court finds that granting plaintiff leave to amend his complaint would be futile. It is therefore recommended that this case be dismissed with prejudice. *See Hartmann v. CDCR*, 707

F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

## Order and Recommendation

Accordingly, it is ORDERED that:

1. Permissive joinder of Devon Banks, D'Ante Miller, Danqwail Jones, Kantrell Carlisch, Joshua W. Ransom, Kimani Randolph, David Eggman, and Frisco Asi as co-plaintiffs in this action is denied. Devon Banks, D'Ante Miller, Danqwail Jones, Kantrell Carlisch, Joshua W. Ransom, Kimani Randolph, David Eggman, and Frisco Asi are dropped from this action without prejudice to proceeding with their claims in new actions.
2. Plaintiff Surrell, Sr.'s request to proceed in forma pauperis (ECF No. 2) is granted.
3. Plaintiff Surrell, Sr. shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith.
4. The Clerk is directed to randomly assign a United States District Judge to this case.

Additionally, it is RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6